| | |
|---|---|
| **ROBERT WISNIEWSKI P.C.**<br>ATTORNEYS-AT-LAW | 225 BROADWAY, SUITE 1020 • NEW YORK, NY 10007<br>TEL: (212) 267-2101 • FAX: (212) 587-8115<br>WEBSITE: www.rwapc.com |

January 20, 2012

Hon. Sandra L. Townes
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007
    *VIA ECF*

                    **Re: Dabrowski v. Zen Restoration, Inc.**
                         **EDNY Docket No.: 11-CV-4168(SLT)(JO)**

Dear Judge Townes,

      Pursuant to your Individual Rules, Plaintiff is submitting this pre-motion letter so as to discuss Plaintiff's intention to file a motion to dismiss Defendants' three (3) counterclaims and eight (8) of the 20 affirmative defenses.

      Plaintiff, who had worked for Defendants as a bookkeeper from April 4, 2010 to April 6, 2011, sued Defendants because she did not receive proper wages for her work. In response, on December 30, 2011, Defendants filed an answer with three counterclaims and twenty affirmative defenses. (**Exhibit 1**).

      Defendants' counterclaims and affirmative defenses contain more mysteries than an Agatha Christie novel, as they are devoid of any specific facts and incredibly vague. In their first counterclaim, Defendants allege that Plaintiff destroyed certain unspecified business records and she took other unspecified business records with her. Yet Defendants assert that this claim is for "tortious interference with contract and with prospective business advantage." (Counterclaim at ¶12). In the second counterclaim, Defendants assert that Plaintiff misappropriated mysterious "confidential and proprietary information." (Counterclaim at ¶15). They also assert, on information and belief, that Plaintiff provided unspecified "business records" to her current (unnamed and mysterious) employer which used such unspecified "confidential" information to (somehow, but we do not know how) to compete with Defendants (Counterclaim at ¶8). Defendants label Plaintiff's conduct as "malicious and willful" and, without specifying any real need for it, they seek in their third counterclaim "preliminary and permanent injunction." (Counterclaim at ¶19).

      Nowhere do Defendants explain when they allegedly discovered such hideous conduct by Plaintiff or that documents or information went missing or were destroyed. The reader is left to presume that it had to happen around the time of Plaintiff's leaving of Defendants' employ, which was April 6, 2011. Well, if so, Defendants do not explain why only now they bring an action for injunctive relief, having been aware of Plaintiff's vile conduct for eight (yes, eight!)

months.

There is a simple explanation for this: Defendants' counterclaims are vague because they are bogus and thus must be dismissed.

As regards Defendants' dubious affirmative defenses, they are (as numbered in the answer):

| | |
|---|---|
| 2) | Failure to mitigate damages; |
| 4) | Doctrine of waiver; |
| 5) | Doctrine of estoppel; |
| 6) | Doctrine of unclean hands; |
| 7) | Doctrine of *in pari delicto*; |
| 8) | Doctrine of laches; |
| 9) | Accord and satisfaction; |
| 11) | Damages the result of Plaintiff's conduct. |

The rest of the affirmative defenses are at least colorable and most of them pertain to a putative class action that Plaintiff has brought.

Plaintiff recognizes that, as one court put it, "[t]here is nothing dumber than a motion to strike boilerplate affirmative defenses," (**Raymond Weil, S.A. v. Theron**, 2008 WL 4450267 *16 (S.D.N.Y. Sept. 30, 2008)). But where, as here, such affirmative defenses are attached to three bogus counterclaims, such a motion is necessary. Instead of pleading *any* set of facts that would take their defenses and counterclaims from the realm of possible to plausible, Defendants merely make vague allegations. That Defendants do not even minimally meet the criteria for their defenses and counterclaims is cause enough to dismiss them. The larger point, however, is that Defendants should not be allowed to get to discovery, let alone trial, on bogus counterclaims which they obviously brought as a retaliation for Plaintiff's lawsuit for unpaid wages. This court should draw the curtain on such an abuse of the judicial system and grant Plaintiff's motion to dismiss Defendants' affirmative defenses and counterclaims.

## ARGUMENT

### Counterclaims:

Defendants' counterclaims must be dismissed. "In deciding a motion to dismiss a counterclaim for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept the allegations in the counterclaim as true and draw all reasonable inferences in the counterplaintiff's favor." **Watts v. Jackson Hewitt Tax Serv. Inc.**, 675 F. Supp. 2d 274, 278 (E.D.N.Y. 2009). To survive a motion to dismiss, the counterclaim must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" **Ashcroft v. Iqbal**, 129 S. Ct. 1937, 1949 (2009) (*quoting* **Bell Atl. Corp. v.**

*Twombly*, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Defendants first counterclaim essentially alleges two distinct claims with vastly different elements: (1) tortious interference with contract; and (2) tortious interference with prospective business advantage. But no matter how one construes this claim, it must be dismissed.

Under New York law, the elements of a tortious interference with contract claim are: (a) that a valid contract exists; (b) that a 'third party' had knowledge of the contract; (c) that the third party intentionally and improperly procured the breach of the contract; and (d) that the breach resulted in damage to the plaintiff." *Albert v. Loksen*, 239 F.3d 256, 274 (2d Cir. 2001)(*quoting Finley v. Giacobbe*, 79 F.3d 1285, 1294 (2d Cir. 1996)). At bar, Defendants' first counterclaim fails to even allege the existence of a single valid contract with a third-party. Rather, Defendants allege that they were prevented from bidding for new work. (Counterclaim at ¶15). The failure to identify a valid contract is fatal to this claim. *Excellus Health Plan, Inc. v. Tran*, 287 F.Supp.2d 167, 176-77 (W.D.N.Y. 2003)(dismissing a counterclaim for tortious interference with contract because the counterplaintiff failed to identify the existence of a single contract). This claim must, therefore, be dismissed.

Defendants' tortious interference with prospective business advantage[1] claim fares no better. To state a claim for this tort under New York law, four conditions must be met: (1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship. *See*, *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 214 (2d Cir. 2002). Defendants' failure to identify a specific business relationship that was allegedly interfered with means that this claim must be dismissed. *Hard Rock Cafe Intern., (USA), Inc. v. Hard Rock Hotel Holdings, LLC*, 2011 WL 2945842 at *13 (S.D.N.Y. July 11, 2011). As stated above, Defendants were allegedly prevented from "bidding for new work" but do not identify a single potential client that they lost. Indeed, they only state that they were damaged by Plaintiff's alleged actions "upon information and belief." As such, this claim must be dismissed.

Defendants' second counterclaim is apparently for misappropriation of proprietary information. Essentially Defendants claim that Plaintiff stole unidentified documents, which she then provided to an unnamed competition, which then used those documents "upon information and belief" in some unspecified way. These allegations hardly satisfy the pleading standard required under *Iqbal* and *Twombly*.

---

[1] This tort is also often referred to as "interference with prospective contractual relations or interference with prospective economic advantage." *See*, *Gortat v. Capala Bros.*, 2011 WL 6945186 at *4 (E.D.N.Y. December 30, 2011)(Glasser, J.).

In order to set forth a claim for misappropriation of trade secrets, a plaintiff must demonstrate (1) that it possessed a trade secret; and (2) that the defendant used that trade secret in breach of an agreement, confidence, or duty, or as the result of discovery of the secret by improper means. ***In re InSITE Servs. Corp., LLC***, 287 B.R. 79, 88 (S.D.N.Y. 2002) *citing* ***Integrated Cash Mgmt., Servs., Inc. v. Digital Transactions, Inc.***, 920 F.2d 171, 172 (2d Cir. 1990). "Under New York law, a threshold requirement for stating a claim for the misappropriation of proprietary or confidential information is that the information in question does, in fact, constitute a trade secret." ***TPTCC NY, Inc. v. Radiation Therapy Services, Inc.***, 784 F.Supp.2d 485, 502 (S.D.N.Y. 2011)(Rakoff, J.)(dismissing a misappropriation of trade secrets claim because the alleged trade secrets were made public by the plaintiff) *rev'd on other grounds*.

At bar, it is simply impossible for the Court to determine whether Defendants' claim is plausible as it must under ***Iqbal*** and ***Twombly***. Defendants have not identified a single alleged trade secret, but rather vaguely alleged that Plaintiff misappropriated "business records." (Counterclaim at ¶8). Accordingly, the Court must dismiss this counterclaim.

Finally, Defendants' third counterclaim, for preliminary and permanent injunction must be dismissed. In order to obtain a preliminary injunction, the movant must establish "irreparable harm" if its motion for a preliminary injunction is not granted. ***Grout Shield Distributors, LLC v. Elio E. Salvo, Inc.***, 2011 WL 5560296 at *11 (E.D.N.Y. November 16, 2011). Defendants do not state when they first learned of Plaintiff's alleged conduct, which presumably occurred around the time Plaintiff ceased her employment with Defendants in March 2010, eight months ago. Courts regularly decline to enter a preliminary injunction when the movant waits more than two months before moving for injunctive relief. ***Gidatex, S.R.L. v. Campaniello Imports, Ltd.***, 13 F.Supp.2d 417, 419 (S.D.N.Y.1998) ("[C]ourts typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months."). As such, this counterclaim should be dismissed.

**Affirmative Defenses**:

Plaintiff will move under Fed.R.Civ.P.12(f) to strike all of Defendants' affirmative defenses. Although motions to strike bare-bones affirmative defenses are not favored, a court must grant such a motion where "it appears to a certainty" that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense or there is no substantial question of law that might allow the defense to succeed. ***Salcer v. Envicon Equities Corp.***, 744 F.2d 935, 939 (2d Cir. 1984) vac. on other ground, 478 U.s. 1015 (1986); *see also* ***Specialty Minerals, Inc. v. Pluess Staufer A.G.***, 395 F.Supp.2d 109, 111 (S.D.N.Y. 2005).

It is well-established that "[a] motion to strike an affirmative defense, pursuant to Fed.R.Civ.P. 12(f), is also governed by the same standard applicable to a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." ***FSP, Inc. v. Societe Generale***, 2005 WL 475986 at *8 (S.D.N.Y., February 28, 2005). Affirmative defenses are subject to the notice pleading standard

under Fed.R.Civ.P. Rule 8. ***Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.***, 531 F.Supp.2d 620, 623 (S.D.N.Y., 2008). Mere conclusions of law should be stricken. ***Id.*** *citing* **Shechter v. Comptroller of New York**, 79 F.3d 265, 270 (2d Cir.1996).

An affirmative defense is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's ... claim, even if all the allegations in the complaint are true." Black's Law Dictionary 451 (8th ed.2004). To trigger an affirmative defense, a defendant must first be liable for the acts complained of by the plaintiff. ***Alliance Media Group, Inc. v. Mogul Media, Inc.***, 2005 WL 1804473 at *2 (E.D.N.Y. July 28, 2005).

Each of the following of Defendants' affirmative defenses must be dismissed. Aside from other defects, each of these affirmative defenses fail to provide sufficient facts for Plaintiff and the Court to be put on notice of Defendants' defenses. They will be addressed in turn:

Affirmative Defense #2 (Failure to Mitigate) - Failure to mitigate is an affirmative defense that must be plead under Fed.R.Civ.P.8. ***Tufano v. Riegel Transp., Inc.***, 2006 WL 335693 at *6 (E.D.N.Y. February 11, 2006). Defendants have failed to plead any facts regarding Plaintiff's alleged failure to mitigate her damages. Indeed, Defendants have not even specified which damages Plaintiff failed to mitigate.

Affirmative Defense #4 (Waiver) - To establish this affirmative defense, Defendants must prove that Plaintiff was aware that she had a legal right which she deliberately surrendered. ***Whitney v. Citibank, N.A.***, 1984 WL 1225 at *12 (S.D.N.Y. November 13, 1984). Aside from the fact that Plaintiff may not waive her FLSA claims (***Le v. SITA Information Networking Computing USA, Inc.***, 2008 WL 724155 at *1 (E.D.N.Y., March 13, 2008)), Defendants failed to plead any facts regarding waiver.

Affirmative Defense #5 (Equitable Estoppel) - The affirmative defense of estoppel requires a showing that Plaintiff made false representations or concealed material facts. In addition, Defendants must also prove that Plaintiff had actual or constructive knowledge of the real facts. ***Whitney v. Citibank, N.A.***, 1984 WL 1225 at *12 (S.D.N.Y. November 13, 1984). Defendants plead no facts establishing such a defense.

Affirmative Defense #6 (Unclean Hands) - The Second Circuit has made clear that, "[u]nclean hands is an equitable defense to equitable claims," and when a party "seeks damages in an action at law, [a defendant] cannot avail itself of unclean hands as a defense." ***Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.***, 404 F.3d 566, 607 (2d Cir.2005). Plaintiff's claims at bar are for money damages and therefore Defendants may not bring this affirmative defense.

Affirmative Defense #6 (*In Pari Delicto*) - *In Pari Delicto* only applies as a defense where the "plaintiff truly bore at least substantially equal responsibility for his injury." ***Koch Industries, Inc. v. Aktiengesellschaft***, 727 F.Supp.2d 199, 212 (S.D.N.Y. 2010). The *in pari delicto* defense should be applied when the following two elements are present: (1) "as a direct result of his own

actions, the plaintiff bears at least substantially equal responsibility for the violations he seeks to redress," and (2) public policy considerations favor applying the defense. *Id.* At bar, despite Defendants' allegations in their counterclaims, they have not alleged a single fact that Plaintiff is equally culpable in their violations of the FLSA and state wage laws, which they must. ***UCAR Int'l, Inc. v. Union Carbide Corp.***, 119 Fed.Appx. 300, 301–02 (2d Cir.2004)(Summary Order)(holding that the *in pari delicto* defense applies when "the plaintiff is as or more culpable than the defendant in the conduct *forming the basis of the complaint*."). Nor could they.

Affirmative Defense #8 (Laches) - An affirmative defense of laches has three elements: (1) "plaintiff had knowledge of defendant's [actions]"; (2) "plaintiff inexcusably delayed in taking action"; and (3) "defendant will be prejudiced by permitting plaintiff inequitably to assert its rights at this time." ***Cuban Cigar Brands N.V. v. Upmann Int'l, Inc.***, 457 F.Supp. 1090, 1096 (S.D.N.Y.1978) (Weinfeld, J.). Plaintiff's claims are well within the statute of limitations periods and Defendants have pled no facts that Plaintiff "inexcusably delayed" in bringing this action, never mind that they were prejudiced.

Affirmative Defense #9 (Accord and Satisfaction) - Defendants fail to plead any facts establishing this affirmative defense. "An accord and satisfaction is a method of discharging a contract or settling a cause of action arising from a contract or a tort, by substituting for such contract or cause of action an agreement for the satisfaction thereof and an execution of such substituted agreement." ***City of Amsterdam v. Daniel Goldreyer, Ltd.***, 882 F.Supp. 1273, 1279-80 (E.D.N.Y. 1995). "An accord and satisfaction is enforceable only to the extent that the parties had authority to settle the dispute." ***U.S. ex rel. Veltz v. Allegany Rehabilitation Associates, Inc.***, 2011 WL 1042194 at *4 (W.D.N.Y. March 18, 2011) *citing* ***U.S. ex rel. Mayman v. Martin Marietta Corp.***, 894 F.Supp. 218, 224 (D.Md.1995). At bar, Defendants plead no facts regarding any attempted settlement of a dispute, but even if they had, since Plaintiff has brought claims under the FLSA, any such "settlement" would be without legal effect because the Court has not approved it. *See*, ***Sampaio v. Boulder Rock Creek Devs., Inc.***, 2007 WL 5209390 at * 1 (E.D.N.Y. Sept. 6, 2007)(settlement of claims under the FLSA requires the approval either of the Department of Labor or the courts).

Affirmative Defense #11 (Damages Result of Plaintiff's Conduct) - Defendants fail to provide any detail regarding this affirmative defense, such as how it is applicable to a case for unpaid wages under the FLSA.

      Accordingly, Plaintiff respectfully requests a premotion conference to discuss her intended motion to dismiss Defendants' counterclaims and certain affirmative defenses.

      Thank you for your attention to the foregoing.

                                      Sincerely,

                                      --------------/s/-------
                                      Robert Wisniewski